UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

**LAWANNA TYNES,**

    Plaintiff,

vs.

**FLORIDA DEPARTMENT OF
JUVENILE JUSTICE,**

    Defendant.
_____/

CASE NO.

**COMPLAINT**
**Plaintiff Demands a Trial by Jury**

Plaintiff, LAWANNA TYNES, ("Tynes" or "Plaintiff") by and through her undersigned attorney, GLENN R. MILLER, ESQ. and the law firm of GLENN RICARDO MILLER, LLC, as and for her Complaint against Defendant, FLORIDA DEPARTMENT OF JUVENULE JUSTICE ("DJJ", "the Department" or "Defendant"), alleges upon personal knowledge and upon information and belief as to other matters as follows:

## PRELIMINARY STATEMENT

1. This is an action seeking declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices against Plaintiff, specifically Defendant's discrimination against Plaintiff's employment as a result of her race, Black and sex, female in violation of Title VII of the Civil Rights Act of 1946, as amended, 42 U.S.C. Section200e et seq., and for other causes of actions which can be inferred from the facts herein.

2. Defendant's unlawful conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff's protected rights, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, and severe mental anguish and

1

emotional distress.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5 (f) (1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981 and 1983, as this action involves federal questions regarding the deprivation of Plaintiff's right under the ? .

4. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

## PARTIES

5. Plaintiff, LAWANNA TYNES, is a Black female charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f) (1) and (3) of Title VII, 42 U.S.C. Section 2000e-5 (f) (1) and 3.

6. At all relevant times, Defendant, FLORIDA DEPARTMENT OF JUVENILE JUSTICE is a state agency of Florida that operates juvenile detention centers throughout the State of Florida, which has been doing business in the State of Florida and in the City of Ft. Lauderdale and has continuously had at least 500 or more employees.

7. At all relevant times, Defendant, FLORIDA DEPARTMENT OF JUVENILE JUSTICE, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000(b), (g) and (h).

## ADMINISTRATIVE PREREQUISITES

8. Prior to filing this action, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 16, 2015, alleging discrimination and violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff's EEOC charge arises out of many of the same facts alleged herein.

9. On or about March 9, 2017, Plaintiff received a copy of a Letter of Determination dated March 6, 2017 issued by the EEOC in connection with her previously filed charge of discrimination. A copy of EEOC's Letter of Determination is attached hereto as Exhibit A.

10. Thereafter, on or about May 1, 2017, Plaintiff received a copy of a Letter Forwarding Case to the Department of Justice ("DOJ")dated April 27, 2017 issued by the EEOC for further processing. A copy of the EEOC's Letter Forwarding Case to the Department of Justice ("DOJ") is attached hereto as Exhibit B.

11. On or about September 4, 2018, Plaintiff received a copy of the Notice of Right to Sue dated August 30, 2018 issued by the EEOC stating that it had been determined that the Department of Justice will not file suit (after holding the file for several months) on Plaintiff's charge of discrimination that was referred to the DOJ. A copy of the EEOC's Notice of Right to Sue is attached hereto as Exhibit C.

12. More than thirty days prior to the institution of this lawsuit, Plaintiff, LAWANNA TYNES, filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging discrimination due to sex and race against Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Since at least December 11, 2015, Defendant Employer has engaged in unlawful employment practices at its Broward Juvenile Justice Center facility, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a). Ms. Tynes is a Black female and was employed by Defendant for sixteen (16) years. On or about August 14, 2015, Plaintiff was transferred to the Broward Juvenile Justice Center as a Detention Superintendent. Thereafter, on or about December 11, 2015, Defendant terminated LAWANNA TYNES' employment for allegedly violating the Administrative Code 60L-36. Prior and/or subsequent to Plaintiff's termination, other similarly situated non-Black male and non-Black female employees and/or superintendents who committed similar or more egregious offenses were not terminated by Defendant. Plaintiff was terminated by Defendant because of her sex, female and her race, Black.

14. Plaintiff is a Black female having been employed by Defendant for sixteen (16) years. Ms. Tynes had been employed as a Superintendent since 2007 prior to being transferred to the Broward Juvenile Justice Center on August 14, 2015.

15. Plaintiff was a long term employee who rose through the ranks, with the Department, to the position of Detention Center Superintendent.

16. Prior to Plaintiff's termination, she had served in three detention centers as Superintendent with increasing responsibility, during her employment period.

17. Throughout her employment with Defendant, Plaintiff was encouraged by her supervisor(s) to accept greater responsibility based upon her demonstrated and well documented knowledge base, skills, abilities, and job performance. Ms. Tynes' work ethic, knowledge of the Department's policies and procedures, and dedication to her job responsibilities were consistently

4

above average during her tenure with Defendant.

18. Plaintiff's work ethic and performance is clearly evidenced by the many performance evaluations completed on her by different supervisors, throughout her career.

20. In fact, at one period during her tenure, Plaintiff was the only Superintendent, in the South Region, trained and certified by the Department to train staff in several areas including: Juvenile Justice Information System (JJIS) Trainer, Instructor Techniques (IT) Certified, Suicide Prevention Trainer, Driving Instructor, Office of Health Services (OHS) Instructor, OHS Instructor for the Medical and Mental Health Modules, Field Training Officer (FTO), Quality Improvement (QI) Program Reviewer, and Protective Action Response (PAR) Instructor.

21. That as a result of having been certified in the numerous areas aforementioned Plaintiff was often utilized to assist with Region wide training. Plaintiff trained both Department and provider staff to gain access to the Defendant's Databases and meet requirements to perform their job duties.

22. Because of Plaintiff's willingness to assist her cohorts within the South Region, including with Prison Rape Elimination Act (PREA) Audits is primarily why Plaintiff was nominated and ultimately selected as the South Region's Detention Center Superintendent of the Year in 2015, just three (3) months prior to her abrupt termination by Defendant.

23. On December 9, 2015, Plaintiff's immediate supervisor, Dr. Gladys Negron, was verbally informed by the Dixie Fosler, Assistant Secretary (AS) for Detention Services, (Dr. Gladys Negon's immediate supervisor), that Assistant Secretary Dixie Fosler would be preparing a disciplinary package on Plaintiff. One December 11, 2015, Dr. Gladys Negron received the allegations written by Assistant Secretary Dixie Fosler and/or her staff that were prepared without any input from Plaintiff's direct supervisor, Dr. Gladys Negron or her office. The

5

document to support Plaintiff's termination contained several inaccuracies which Dr. Gladys Negron personally advised Assistant Secretary Dixie Fosler of.

24. According to Plaintiff's supervisor, Dr. Gladys Negron, there were several versions of the allegations written which continued to contain inaccurate and false information. In fact, the information that Plaintiff's supervisor, Dr. Gladys Negron and her office provided in the form of daily status reports, which showed Plaintiff's performance progress, were not referenced at all by Assistant Secretary Dixie Fosler.

25. According to Dr. Gladys Negron, Plaintiff's immediate supervisor, Plaintiff was never afforded a satisfactory length of time to rectify the issues she inherited upon assuming the Superintendent position and leadership of the Broward Regional Juvenile Detention Center. Plaintiff had only been at the said location four (4) months.

26. The false allegations were ultimately utilized to terminate Plaintiff's long term employment with the Department and her termination was not warranted or substantiated by Defendant.

27. Plaintiff's termination was not in accordance with the disciplinary practices and latitude afforded to other non-Black male and non-Black female Detention Center Superintendents and/or employees, (some who have committed significantly more egregious offenses). Other non-Black male and non-Black female Superintendents/employees were either demoted, resigned, given 5 day suspensions, transferred or reassigned to a different position or facility, and shortly thereafter some were promoted. Plaintiff is the only Black female Superintendent/employee fired after four (4) months in this new facility.

28. This Court should note that Plaintiff was a long term employee of Defendant, with not one disciplinary action. All of Plaintiff's evaluations were above average and satisfactory during her

many years of service, under several different supervisors. Defendant and Assistant Secretary Dixie Fosler afforded no other options for Plaintiff other than termination, despite Plaintiff's clearly documented training history and various job experiences with the Department.

29. However, other non-Black male and non-Black female Detention Center Superintendents and/or employees, (some who have committed significantly more egregious offenses) who were more fondly considered were afforded greater latitude and options by Defendant and Assistant Secretary Dixie Fosler, rather than termination.

30. The effect of the practices complained of in the Paragraphs herein have been to deprive LAWANNA TYNES of equal employment opportunities and otherwise adversely affect her status as an employee/Superintendent with Defendant, because of her sex, female and her race, Black

31. On December 11, 2015, Dr. Gladys Negron received an email from Assistant Secretary Dixie Fosler and/or her office which consisted of a Letter of Dismissal dated December 11, 2015 (along with a list of allegations from November 11, 2015 to December 2, 2015 stating reasons for termination) informing Ms. Tynes that she would be terminated from employment effective immediately.

32. As a result of Defendant's actions terminating her employment, Plaintiff, LAWANNA TYNES, filed her charge of discrimination with the Equal Employees Opportunity Commission (EEOC) on December 16, 2015. A copy of Plaintiff's EEOC charge of discrimination is attached hereto as Exhibit D.

33. The unlawful employment practices complained of in the Paragraphs herein were intentional.

34. The unlawful employment practices complained of in the Paragraphs herein were done with malice or with reckless indifference to the federally protected rights of LAWANNA

7

TYNES in violation of Title VII.

35. At all times material hereto, Plaintiff was a member of a protected class and it was well established that Ms. Tynes was well qualified for her job as Superintendent and was subsequently replaced by a non-Black male and/or non-Black female Superintendent/employee.

36. At all times material hereto, Plaintiff was a member of a protected group fired for misconduct shows that Ms. Tynes was qualified for the job as Superintendent and "that the misconduct for which she was discharged was identical (and/or less egregious) to that engaged in by non-Black male and non-Black female employees whom the Defendant Employer retained."

## COUNT I

### RACIAL DISCRIMINATION UNDER TITLE VII
### AGAINST FLORIDA DEPARTMENT OF JUVENILE JUSTICE

Plaintiff realleges each every allegation contained in paragraphs 1 through 36, as set forth herein.

37. Plaintiff is a member of a protected class under § 1981.

38. At all times material hereto, Plaintiff was a member of a protected class and it was well established that Ms. Tynes was well qualified for her job as Superintendent and was subsequently replaced by a non-Black male and/or non-Black female Superintendents/employees.

39. At all times material hereto, Plaintiff was a member of a protected group and it is clear that Ms. Tynes was fired while others (ie. non-Black male and non-Black female Superintendents/employees) not in Plaintiff's protected class, "having comparable or lesser qualifications," were retained.

40. At all times material hereto, Plaintiff was a member of a protected group fired for misconduct shows that Ms. Tynes was qualified for the job as Superintendent and "that the

8

misconduct for which she was discharged was nearly identical (and/or less egregious) to that engaged in by non-Black male and non-Black female employees whom the Defendant Employer retained."

41. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected Plaintiff to race-based animosity.

42. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination for the fact that Plaintiff is Black.

43. Since at least August 2015, Defendant Employer has engaged in unlawful employment practices at its Broward Regional Detention Center facility, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

44. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law. Many of Defendant's employees were afraid to jeopardize their careers and/or positions with the Department.

45. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

46. Plaintiff was replaced by a non-Black male Superintendent/employee with less qualifications, seniority and experience than Plaintiff.

47. Defendant retained all non-Black Superintendents/employees (who had a history of numerous violations) and some with more egregious violations than Plaintiff. The said non-Black Superintendents/employees were never terminated by Defendant but were either allowed to resign, demoted, issued 5 day suspensions, transferred to other facilities, and shortly thereafter

promoted again.

48.    The TA Report prepared by Defendant for the period of November 30 2015 through December 4, 2015, was done by all non-Black male Superintendents/employees (including a non-Black male who at one time was under Plaintiff's supervision and who was also Plaintiff's subordinate while at the Monroe County Detention Center facility.)

49.    Plaintiff never received the abovementioned TA Report prepared by Defendant prior to her termination, even though it had been released before she was terminated. Plaintiff was never given an opportunity to see, much less to correct any of the alleged violations, but non-Black Superintendents/employees were given reports and allowed the time needed to correct violations

50.    At least four (4) non-Black male Superintendents/employees as stated in Plaintiff's charging documents, and two (2) non-Black female Superintendents/employees had committed more infractions and far more egregious violations than Plaintiff and none of the non-Black Superintendents/employees were terminated. All of the said non-Black Superintendents/employees were either demoted, resigned, given 5 day suspensions, transferred and/or reassigned to a new facility. All of them shortly thereafter were promoted again as Superintendents.

51.    Prior to being hired for Superintendent at the Broward Regional Detention Center (a Tier 5 Facility), Plaintiff was contacted by Assistant Secretary Dixie Fosler via email requesting that Plaintiff submit a statement to her via return email explaining why Plaintiff felt "she would be a good fit" at a Tier 5 Facility and to list Plaintiff's strengths and weaknesses." This type of request was never asked of any non-Black male and non-Black female

Superintendents/employees.

52. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

53. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Plaintiff, LAWANNA TYNES.

## COUNT II

### SEX DISCRIMINATION UNDER TITLE VII
### AGAINST FLORIDA DEPARTMENT OF JUVENILE JUSTICE

Plaintiff realleges each every allegation contained in paragraphs 1 through 36, as set forth herein.

54. Plaintiff is a member of a protected class under § 1981.

55. At all times material hereto, Plaintiff was a member of a protected class and it was well established that Ms. Tynes was well qualified for her job as Superintendent and was subsequently replaced by a male Superintendent/employee.

56. At all times material hereto, Plaintiff was a member of a protected group and it is clear that Ms. Tynes was fired while others (ie. male Superintendents/employees) not in Plaintiff's protected class, "having comparable or lesser qualifications," were retained.

57. At all times material hereto, Plaintiff was a member of a protected group fired for misconduct shows that Ms. Tynes was qualified for the job as Superintendent and "that the misconduct for which she was discharged was nearly identical (and/or less egregious) to that engaged in by male Superintendents/employees whom the Defendant Employer retained."

58. By the conduct described above, Defendant has engaged in discrimination against

Plaintiff because of Plaintiff's sex and subjected Plaintiff to sex-based animosity.

59. Such discrimination was based upon the Plaintiff's sex in that Plaintiff would not have been the object of discrimination for the fact that Plaintiff is Female.

60. Since at least August 2015, Defendant Employer has engaged in unlawful employment practices at its Broward Regional Detention Center facility, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

61. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of sex was unlawful but acted in reckless disregard of the law. Many were afraid to jeopardize their careers and/or positions with the Department.

62. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

63. Plaintiff was replaced by a male Superintendent/employee with less qualifications, seniority and experience than Plaintiff.

64. Defendant retained all male Superintendents/employees (who had a history of numerous violations) and some with more egregious violations than Plaintiff. The said male Superintendents/employees were never terminated by Defendant but were either allowed to resign, demoted, issued 5 day suspensions, transferred and/or reassigned to other facilities, and shortly thereafter many were promoted.

65. The TA Report prepared by Defendant for the period of November 30, 2015 through December 4, 2015, was done by all male Superintendents/employees (including a male under Plaintiff's supervision and who was also Plaintiff's subordinate while at the Monroe County

12

Detention Center facility.)

66. Plaintiff never received the TA Report prepared by Defendant prior to her termination. The use of the TA Report was pretextual as Plaintiff never saw the report and was not given an opportunity to correct the alleged violations as non-Female Superintendents/employees were given.

67. At least four (4) male Superintendents/employees as stated in Plaintiff's charging documents had committed more infractions and far more egregious violations than Plaintiff and none of the male Superintendents/employees were terminated. All of the said male Superintendents/employees were either, reassigned, demoted, given 5 day suspensions, transferred to a new facility, and shortly thereafter many were promoted.

68. Prior to being hired for Superintendent at the Broward Regional Detention Center (a Tier 5 Facility), Plaintiff was contacted by Assistant Secretary Dixie Fosler via email requesting that Plaintiff submit a statement to her via return email explaining why Plaintiff felt "she would be a good fit" at a Tier 5 Facility and to list Plaintiff's strengths and weaknesses." This type of request was never asked of any male Superintendents/employees.

69. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

70. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Plaintiff, LAWANNA TYNES.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant::

a. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, retroactive seniority, benefits adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Enter an award against Defendant and award Plaintiff punitive damages;

e. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

f. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

g. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: November 28, 2018

Respectfully submitted,

/s/Glenn R. Miller
GLENN R. MILLER, ESQ.
GLENN RICARDO MILLER, LLC
Attorney for Plaintiff
Fla. Bar No. 539376
67 N.E. 168th Street
North Miami Beach, FL 33162
(305) 651-5991
Email: grmpalaw@gmail.com



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Miami District Office**

Miami Tower
100 SE 2nd Street, Suite 1500
Miami, FL 33131
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Miami Status Line: (866) 408-8075
Miami Direct Dial: (305) 808-1740
TTY (305) 808-1742
FAX (305) 808-1855
Website: www.eeoc.gov

EEOC No: 510-2016-01188

Lawanna Tynes                                          Charging Party
12601 N.W. 22nd Court
Miami, Florida 33167

And

Florida Department of Juvenile Justice                 Respondent
222 N.W 22nd Court
Fort Lauderdale, Florida 33311

### Letter of Determination

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above-cited charge, filed under Title VII of the Civil Rights Act of 1964, as amended. Timeliness, deferral, and all other jurisdictional requirements for coverage have been met.

Charging Party is a Black female. Charging Party was employed by Respondent for sixteen (16) years. On August 14, 2015, Charging Party was transferred to the Broward Juvenile Justice Center, as a Detention Superintendent. Charging Party alleged she was terminated on December 11, 2015, for violating the administrative code 60L-36. Charging Party alleged that non-Black male Superintendents have violated company policies and committed more egregious violations; however, they were not terminated.

The Commission has determined that the evidence obtained in the investigation establishes reasonable cause to believe that discrimination on the basis of sex, (female), and race, (Black), occurred, in violation of Title VII as alleged. Evidentiary records show that similarly situated non-Black male superintendents who committed similar or more egregious offenses were not terminated.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. In this regard, conciliation of this matter has now begun. Please be advised that upon receipt of this Determination, the Commission will consider any reasonable offer to resolve

**EXHIBIT A**

this matter.

Please complete the enclosed Invitation to Conciliate, EEOC Form 153, and return it to the Commission at the above address **on or before fifteen (15) days** from the date of this letter. You may fax your response directly to (305) 808-1836, to the attention of Robby Cedon, EEOC Investigator. You may also contact us to schedule a Conciliation Conference to be held in our Miami office. Please be advised that the confidentiality provisions of Sections 706 and 709 of Title VII and the Commission's Regulations apply to information obtained during conciliation.

Failure to respond within fifteen (15) calendar days of the date of this letter will indicate that you are not interested in conciliating this matter and the Commission will determine that efforts to conciliate this charge as required by Title VII of the Civil Rights Act of 1964, as amended, have not been successful. Should you have any questions, please contact Investigator Robby Cedon at (305) 808-1881.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission's investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission,

MAR 0 7 2017
Date

*Nitza Santos Wright*
Michael J. Farrell
District Director

Enclosures: Invitation to Conciliate

cc:  **Respondent Representative**

Florida Department of Juvenile Justice
c/o. Derrick Elias
Human Resources
2737 Centerview Drive
Tallahassee, Florida 32339

**Charging Party's Representative**

Glenn R. Miller, P.A
67 N.E 168th Street
North Miami Beach, Florida 33162

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Miami District Office

Miami Tower
100 S.E. 2nd Street – Suite 1500
Miami, FL 33131
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Miami Status Line: (866) 408-8075
Miami Direct Dial: (305) 808-1740
TTY (305) 808-1742
FAX (305) 808-1855
Website: www.eeoc.gov

Lawanna Tynes
12601 N.W. 22nd Court
Miami, FL 33167

  RE: Lawanna Tynes vs. Florida Department of Juvenile Justice
    Charge #: 510-2016-01188

Dear Ms. Tynes:

The Equal Employment Opportunity Commission (EEOC) has determined that efforts to conciliate this charge as required by Title VII of the Civil Rights Act of 1964, as amended, have been unsuccessful.

This letter is to notify you that no further efforts to conciliate this case will be made by EEOC. Accordingly, we are forwarding this case to the Department of Justice for further processing.

On behalf of the Commission

_____  APR 2 7 2017
Michael J. Farrell       Date
District Director

cc: **Charging Party's Representative**

Glenn R. Miller, Esq.
Glenn Ricardo Miller, LLC
67 N.E 168th Street
North Miami Beach, Fl 33162

**EXHIBIT B**



**U.S. Department of Justice**

Civil Rights Division

---

JMG:KDW:KLF
DJ 170-18-0

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

**AUG 3 0 2018**

CERTIFIED MAIL 7014 3490 0000 6312 0754
RETURN RECEIPT REQUESTED

Ms. Lawanna Tynes
c/o Glenn R. Miller, Esquire
Law Office of Glenn R. Miller
67 N. E. 168th Street
North Miami Beach, FL 33162

Re: Lawanna Tynes v. Florida Dept. of Juvenile Justice
EEOC Charge No. 510-2016-01188

Dear Ms. Tynes:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

We are returning the files in this matter to the EEOC's Miami District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Michael J. Farrell, Director, EEOC, 100 S.E. 2nd Street, Ste. 1500, Miami, FL 33131.

Sincerely,

John M. Gore
Acting Assistant Attorney General
Civil Rights Division

By: *[signature]*

Karen D. Woodard
Principal Deputy Chief
Employment Litigation Section

cc: Lawanna Tynes
Florida Dept. of Juvenile Justice
Derrick Elias, H.R.
EEOC, Miami District Office

**EXHIBIT C**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 510-2016-01188 |

**Florida Commission On Human Relations** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Lawanna Tynes | (305) 748-7466 | 10-15-1970 |

Street Address: 12601 N.W. 22nd Court, Miami, FL 33167

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| FLORIDA DEPARTMENT OF JUVENILE JUSTICE | 500 or More | (954) 467-4503 |

Street Address: 222 N.W. 22nd Court, Fort Lauderdale, FL 33311

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-11-2015   Latest: 12-11-2015
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am black female. I have been employed by the Florida Department of Juvenile Justice for 16 years. I have been a Superintendent since 2007. I have a clean record and have never been disciplined in my entire career. On August 14, 2015, I was transferred to the Broward Juvenile Justice Center. I report to Gladys Negron, Director and she reports to Dixie Fosler, Assistant Secretary. During my tenure at the Broward Juvenile Center, the Technical Assistants Team came to my facility and performed random inspections. Subsequently, on December 11, 2015, I was informed that I was terminated for violating the Administrative Code 60L-36. Non-Black Superintendents (Steven Owens, Douglas Kane, Joseph Seeber, Kevin Housel) have violated company polices and they were not terminated for egregious violations such as Juvenile escapes and Juvenile deaths.

I was terminated on December 11, 2015, by Gladys Negron who was following directions from the Assistant Secretary, Dixie Fosler.

I believe I have been discriminated against because of my race, black, gender, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: Dec 16, 2015
*Charging Party Signature* [signed]

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

**EXHIBIT D**