UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO. 18-62891-CIV-DIMITROULEAS/HUNT

LAWANNA TYNES,

    Plaintiff,

vs.

FLORIDA DEPARTMENT OF
JUVENILE JUSTICE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on two related motions: Plaintiff Lawanna Tynes' Motion for Attorney's Fees, ECF No. 178, and her Motion for Bill of Costs, ECF No. 179. The Honorable William P. Dimitrouleas referred these motions to the undersigned for disposition. ECF No. 180, 181; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record and the Motions, Responses, and Replies, the undersigned respectfully RECOMMENDS both Plaintiff's Motions be GRANTED IN PART and DENIED IN PART as set forth below.

## BACKGROUND

Following trial in July 2021, a jury found Defendant had discriminated against Plaintiff based on her sex and race when it discharged her in December 2015. ECF No. 121. The jury awarded damages of $924,600.00. *Id.* Plaintiff previously filed both a Motion for Attorney's Fees and a Motion for Bill of Costs. ECF No. 154, 140. Those motions were denied without prejudice to be renewed when a stay of judgment was lifted

following the conclusion of Defendant's appeal of the final judgment.  ECF No. 170, 164.  With the appeal concluded in Plaintiff's favor, she now moves for attorney's fees and costs as the prevailing party.  ECF No. 178, 179.

## DISCUSSION

As an initial matter, it is undisputed that Plaintiff was the prevailing party in this litigation and is, therefore, entitled to an award of reasonable attorney fees pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e.  This Court uses the lodestar method to calculate reasonable attorneys' fees, multiplying a reasonable hourly rate by the number of hours reasonably expended.  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  A reasonable hourly rate for attorneys' fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08-61592-CIV-DIMITROULEAS, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing the requested hourly rate).

The movant bears the burden of proving the requested rate is consistent with prevailing market rates.  *Norman*, 836 F.2d at 1299.  This burden requires the applicant "supply[] the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Id.* at 1303.  And the focus of that inquiry should be on rates paid to counsel of similar qualifications and experience in cases litigated in the South Florida area. *See, e.g.*, *Storfer v. Guarantee Trust Life Insurance Co.*, No. 10-60400-CIV-COHN, 2011 WL 213461, at *2 (S.D. Fla. Jan. 21, 2011).  In addition to evidence

presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing.[1]  *Id.*

The primary issues here are the reasonableness of counsel's hourly rates and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise. Plaintiff seeks a combined total award of $192,357.00 in attorney's fees and $20,441.17 in costs based upon professional services rendered. ECF No. 178, 179.

1. *Compliance with Local Rule 7.3*

Defendant argues Plaintiff's renewed motion, ECF No. 178, failed to "certify that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b), describing what was and was not resolved by agreement and addressing separately the issues of entitlement to fees and amount." ECF No. 187; S.D. Fla. L.R. 7.3(a)(8). This,

---

1 The undersigned concludes that a hearing is not necessary. A hearing on a fee petition is required only where one is requested, where facts are in dispute, and where the record is not sufficiently clear to allow the trial court to resolve those disputes. *Norman*, 836 F.2d at 1303–04. Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'" *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309). The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise. Furthermore, the written record here is of sufficient clarity to permit this Court to resolve any issues of fact that may exist.

3

Defendant contends, is sufficient reason to deny the motion.  *Id.*  Plaintiff maintains that the parties' conferral before the filing of the original motion satisfied the requirements under the local rules because the renewed motion was identical to the original motion, leaving nothing new for the opposing counsel to discuss.

Local Rule 7.3(a), which functions as "a mechanism to assist parties in resolving attorney[s'] fee and costs disputes by agreement," includes several requirements that must be met before a party files a motion for attorneys' fees, including the obligation of counsel to confer prior to filing.  S.D. Fla. L.R. 7.3(a)(8).  Local Rule 7.3(b) additionally requires the parties to confer in good faith regarding all disputed aspects of a fee claim.  S.D. Fla. L.R. 7.3(b).  Finally, Local Rule 7.3(c) requires the party seeking costs to provide documentation to support an award of costs.  S.D. Fla. L.R. 7.3(c).  Generally, the court relies upon Local Rule 7.3 to deny attorneys' fees and costs only where the situation involves "a complete or near-complete failure to confer prior to filing a motion for attorneys' fees."  *Gutierrez v. El Toro Loco Churrascaria 8st. LLC*, 21-22062-CIV-KING/BECERRA, 2022 WL 3621615, at *3 (S.D. Fla. Aug. 9, 2022), *report and recommendation adopted*, 21-22062-CIV, 2022 WL 3594970 (S.D. Fla. Aug. 23, 2022). Here, the undersigned finds Plaintiff sufficiently complied with Local Rule 7.3 and is, therefore, not precluded from recovering attorney's fees and costs.

2.  Attorneys' Fees

   a.   *Reasonable Hourly Rate*

Plaintiff requests an hourly rate of $450 for 427.46 hours of work.  ECF No. 178. Plaintiff also asks for an enhancement to account for the significant amount of work required due to the complexity of the case.  When "determining what is a 'reasonable'

4

hourly rate and what number of compensable hours is 'reasonable,'" this Court must consider twelve factors originally outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Id.* (internal quotations and citations omitted).

Generally, "[a] reasonable hourly rate is one that is adequate to attract competent counsel in the relevant legal market, but yet does not produce a windfall to that attorney." *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV-TORRES, 2011 WL 9364952 (S.D. Fla. July 15, 2011), *subsequently aff'd,* 492 F. App'x 73 (11th Cir. 2012) (citing *Blum v. Stenson*, 465 U.S. 886, 894–95 (1984)). The record establishes Plaintiff's counsel worked on a contingency and has more than thirty-five years of experience. ECF No. 178. Defendant agrees the $450 hourly rate is reasonable and correct. ECF No. 179. This Court, having considered the twelve factors, as well as the prevailing market rates in the community, agrees and recommends approving the requested rate.

5

### b. Enhancement

Plaintiff's counsel requests a two times enhancement for services rendered due to the complexity of the case, the amount of work involved, the positive result, skill of counsel, the risks undertaken, and the social benefit of bringing the litigation. ECF No. 178. Defendant objects to the enhancement as it would effectively provide Plaintiff with a $900 hourly rate. ECF No. 187.

"Sometimes courts apply to the lodestar a multiplier, also known as an enhancement or an upward adjustment, to reward counsel on top of their hourly rates." *Davis v. Nationwide Ins. Co. of Am.*, No. 19-80606-CIV-SMITH/MATTHEWMAN, 2022 WL 2341238, at *5 (S.D. Fla. Jan. 28, 2022) (quoting *In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019)). "Before adjusting for risk assumption, there should be evidence in the record, and the trial court should so find, that without risk-enhancement plaintiff would have faced substantial difficulties in finding counsel in the local or other relevant market." *Sun Bank of Ocala v. Ford*, 564 So. 2d 1078, 1079 (Fla. 1990) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 731 (1987)).

Courts should consider the following three factors to determine the necessity of a contingency risk multiplier: "(1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in *Rowe*[2] are applicable, especially the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client." *Davis*, 2022 WL 2341238, at *5.

---

[2] *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985).

To satisfy the first factor, Plaintiff does not suggest that an enhancement was needed to obtain competent counsel. The second factor—despite the risk Plaintiff's counsel took on in pursuing the case through trial—does not alone require the application of a multiplier. As for the third factor, which reminds the Court to consider the amount involved and the nature of the recovery, Plaintiff did recover a sizeable award. Still, Plaintiff's motion does not indicate Plaintiff's counsel would not have taken on this case without an enhancement, and a risk multiplier is often not appropriate if "the lodestar produces a material and sizable fee given that counsel prevailed in the action, which," in this case, "it will." *Davis*, 2022 WL 2341238, at *6. Therefore, the undersigned recommends denying Plaintiff's request for a two times enhancement.

2. *Hours Reasonably Expended*

Upon determination of the hourly rate, a court must determine the reasonable amount of hours expended in the litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on an attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted) (emphasis omitted). Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434.

Plaintiff seeks attorney's fees for 427.46 hours of work. ECF No. 178. The motion and supporting affidavits indicate Plaintiff's counsel limited his hours by not billing for

7

phone conversations with Plaintiff and with opposing counsel. ECF No. 178. Defendant objects to many of Plaintiff's time entries as "block billing, clerical / non-lawyer task, excessive time, non-compensable, redundant, or vague." ECF No. 187. In its response, Defendant lists examples and provides hand-made notations on Plaintiff's time entries to indicate which entries it feels should not be compensated. In those notations, Defendant objects to, generally, half of all of Plaintiff's counsel's time entries.

"If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001). Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

Despite Defendant's objections, a review of Plaintiff's counsel's billing shows generally reasonable expenditures of time for a counsel working alone and on the complex issues presented in this case. Having examined the significant documentation of billed hours of work performed provided by Plaintiff's counsel, and considering the billed hours encompass six years of litigation and include motions for summary judgment and trial, the undersigned finds an across-the-board cut is not necessary.

    3.    *Lodestar Amount and Adjustment*

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010). The Supreme Court

has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id.* at 554–56.

The undersigned finds no reason to depart from the lodestar calculation in this case. Therefore, Plaintiff's counsel should be awarded $450 per hour for 427.46 hours of work. The undersigned recommends a total amount of attorney's fees of $192,357.00.

### *a. Pre-Judgment and Post-Judgment Interest*

Additionally, Plaintiff includes a cursory request for pre-judgment interest and post-judgment interest on the award of attorney's fees. However, Plaintiff provides no statute or other mechanism under which to award interest. Furthermore, Plaintiff does not suggest at what rate or from which date interest should be calculated or how much Plaintiff's counsel expects to receive in interest. Having no basis by which to calculate interest or award it, the undersigned recommends denying the request for interest.

### 4. Plaintiff's Motion for Costs

"[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988." *Hithon v. Tyson Foods, Inc.*, 566 Fed. App'x 827, 830 (11th Cir. 2014) (quoting

*Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983)).  Plaintiff seeks an award of $20,441.17 in costs recoverable under 28 U.S.C. § 1920, consisting of:

- $400 for the filing fee
- $1,290.00 for service of summons and subpoenas
- $3,287.95 for transcripts
- $714.00 for printing
- $776.98 for six witnesses
- $3,000 for exemplification and copies
- $1,182.50 for mediation
- $9,789.74 of other costs, covering travel for depositions and court appearances, an expert witness, postage, and supplies.

ECF No. 179.  "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  Rule 54 "creates a presumption in favor of awarding costs to the prevailing party which [the opposing party] must overcome."  *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).  The burden is initially on Plaintiff to establish and present evidence as to what costs have accrued and why they should be taxable.  But in challenging whether costs are taxable, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party."  *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).  A court "must have and state a sound basis" for denying the full amount of costs that the prevailing party incurred because "denial of costs is in the nature of a penalty for some defection on the prevailing party's part in the course of the litigation." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (alteration and quotation marks omitted).

a. *Service of Process Costs*

Defendant first objects to costs for service higher than the federally mandated $65 and for subpoena costs for witnesses who did not ultimately testify at trial. ECF No. 188. Defendant points to service costs for six witnesses who did not testify and one duplicate service for a witness who did testify. *Id.* Defendant also notes that some of the service charges were unnecessarily high due to last-minute service. *Id.* Plaintiff points out that those witnesses who did not testify were reasonably believed to be necessary and the related costs were incurred with the expectation that they would be needed at trial. ECF No. 195. Plaintiff requests that if any service charges are reduced to $65 that any expended service charges below that maximum amount also be raised to cover the overall reduction of charges.

"Service of process fees paid to a private process server are compensable as long as the amount does not exceed the cost of United States Marshal service, which is $65 per hour for each item served." *Santiago v. Peacock's 17, LLC*, No. 22-62272-CIV-DIMITROULEAS/AUGUSTIN-BIRCH, 2024 WL 582880, at *2 (S.D. Fla. Jan. 29, 2024), *report and recommendation approved*, 2024 WL 580358 (S.D. Fla. Feb. 13, 2024) (citing *Guerra v. Ameri-Clean Pumping, Inc.*, No. 18-22998-CIV-TORRES, 2019 WL 1859243, at *4 (S.D. Fla. Apr. 25, 2019)). The cost of serving a subpoena on a trial witness who Plaintiff could have reasonably believed was "at least partially necessary to the litigation" may be taxed against the losing party. *Marquez v. Nat'l Fire & Marine Ins. Co.*, No. 20-22791-CIV-BLOOM/LOUIS, 2022 WL 2990815, at *2 (S.D. Fla. July 12, 2022), *report and recommendation adopted*, No. 20-22791-CIV-BLOOM/LOUIS, 2022 WL 2982120 (S.D. Fla. July 28, 2022) (quoting *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1299

11

(M.D. Fla. 2000)); *see also Maris Distrib. Co. v. Anheuser-Busch, Inc.*, No. 5:97CV15-OC-10C, 2001 WL 862642, *1 (M.D. Fla. May 4, 2001) (awarding costs for service of subpoenas on two trial witnesses who never testified at trial).

Therefore, the undersigned recommends granting costs for the witnesses served as they were reasonably likely to have been used at trial. But recoverable costs should be capped at the $65 maximum and those services less than $65 should be compensated at their original cost and without duplication:

| | |
|---|---|
| FDJJ | $25 |
| Robert Munson | $25 |
| Timothy Niermann | $50 |
| Frank Gargett | $65 |
| Joseph Seeber | $65 |
| Gordon Weeks | $65 |
| Jorge Guerra | $65 |
| Daryl Wolf | $65 |
| Yessica Mederos | $65 |
| Patrick Morse | $65 |
| Roby Cedron | $65 |
| Gladys Negron | $65 |

Thus, the total amount of costs in this section is $685.00.

### b. Transcript Costs

Defendant challenges transcript and court reporter costs due to Plaintiff's insufficient records and missing invoices. ECF No. 188. As Defendant correctly notes, Plaintiff's Bill of Costs lists $3,287.95 for transcript and court reporter attendance yet attaches as exhibits only proof of $2,723.70 in invoices. *Id.* Plaintiff does attach a check to "Palm Beach Reporting Services" dated June 6, 2019, for $564.25 but there is no corresponding invoice indicating for what purpose this court reporter was necessary. Furthermore, the explanation attached to the check only indicates that it is related to this case and does not describe what the payment covered. *Id.* Plaintiff does not respond to

12

this objection. ECF No. 195. Therefore, the undersigned recommends granting costs for court reporters only according to the balances due in the provided invoices. Thus, the total amount of costs in this section is $2,723.70.

### c. Printing Costs

Defendant objects to printing costs because Plaintiff's attachments only show the payment of $714.20 but no corresponding invoice. ECF No. 188. However, the explanation attached to the payment of $714.20 indicates that it was used for costs related to an information request.

Defendant similarly objects to exemplification and copying costs of $3,000 because there is no invoice detailing use of the copies in the case. The Eleventh Circuit has instructed that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1259 (S.D. Fla. 2013) (quoting *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000)). However, we do not know whether the copying could have been reasonably necessary because Plaintiff has not provided any documentation related to copying. Other than Plaintiff's claim for $3,000 for copying, nothing indicates when, where, or for what purpose that money was spent. As such, the undersigned recommends compensation only for printing costs in the amount of $714.20.

### d. Mediation and Other Costs

Not all of Plaintiff's requested costs are contemplated by 28 U.S.C. § 1920. Mediation is not included in the statute's enumerated list of reimbursable costs. *Id.* Similarly, costs expended for attorney travel, postage, and other basic office supplies

used over the course of Plaintiff's case, and notebooks, file folders, labels, post-its, and other basic office supplies are not permitted by § 1920. *See Powell v. The Home Depot, U.S.A., Inc.*, No. 07-80435-CIV-HURLEY/HOPKINS, 2010 WL 4116488, at *16 (S.D. Fla. Sept. 14, 2010), *report and recommendation adopted*, No. 07-80435-CIV-HURLEY, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010). Likewise, travel expenses for an attorney and miscellaneous expenses such as postage are not contemplated by § 1920. 28 U.S.C. § 1920; *Exhibit Icons, LLC v. XP Companies, LLC*, No. 07-80824-CIV-MARRA, 2009 WL 3877667, at *5 (S.D. Fla. Nov. 18, 2009). Therefore, the undersigned does not recommend reimbursing these costs.

Within the request for Other Costs, Plaintiff asks for reimbursement for fees paid to a retained expert and his travel expenses. While 28 USC §1821 provides for expert witness fees including travel expenses, Plaintiff makes her motion pursuant to § 1920, and that statute provides reimbursement for expert witness fees only for court-appointed witnesses. As this witness was not court-appointed, the undersigned does not recommend reimbursing this cost either.

This allows for a total cost reimbursement in the amount of $5,299.68, itemized as follows:

- $400 for the filing fee
- $685.00 for service of summons and subpoenas
- $2,723.70 for transcripts
- $714.00 for printing
- $776.98 for six witnesses

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS Plaintiff's Renewed Motion for Attorney's Fees, ECF No. 178, be GRANTED IN PART and DENIED IN PART,

14

awarding Plaintiff $192,357.00 in attorney's fees.  The undersigned also recommends Plaintiff's Renewed Motion for Bill of Costs, ECF No. 179, be GRANTED IN PART and DENIED IN PART, reimbursing Plaintiff for $5,299.68 in costs.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 13th day of February 2025.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record