UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18-cv-62891-WPD

LAWANNA TYNES,

      Plaintiff,                                        Magistrate Judge Hunt

v.

FLORIDA DEPARTMENT OF JUVENILE JUSTICE,

      Defendants.

## ORDER ADOPTING AND APPROVING REPORT AND RECOMMENDATIONS; GRANTING IN PART PLAINTIFF'S SECOND AMENDED RENEWED MOTION FOR EQUITABLE RELIEF AND TO ALTER JUDGMENT

THIS CAUSE came before the Court on Plaintiff's Second Amended Renewed Motion for Equitable Relief and to Alter Judgment. [DE 233], filed herein on November 18, 2024. The Court has carefully reviewed the motion, the August 29, 2025, Report and Recommendation of Magistrate Judge Hunt, [DE 263], Plaintiff's Objection to Magistrate Report Dated August 29, 2025 and for Clarification, [DE 266], and Defendant's Objection and Motion for Clarification with Respect to Magistrate's Report and Recommendation, [DE 271], and is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report

and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

Neither party objects to the Magistrate Judge's finding in principle so much as requests clarification of the Report. Accordingly, the Magistrate Judge's factual findings in the Report [DE 263] are hereby adopted and deemed incorporated into this opinion. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

The Court has also conducted a *de novo* review of the Report [DE 263] and record and is otherwise fully advised in the premises. The Court agrees with the Magistrate Judge's reasoning and conclusions.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [DE 263] is **ADOPTED AND APPROVED.**

2. The Motion [DE 233] is **GRANTED IN PART** as follows:

    a. FDJJ shall reinstate Plaintiff to her former Detention Superintendent position as soon as a vacancy in the region becomes available.

    b. FDJJ shall reimburse Plaintiff for lost sick days, annual leave days, and retirement accruals (collectively, "benefits") that would put her in the same circumstance she would have been in had she not been wrongfully discharged. To that end, FDJJ shall reimburse Plaintiff

        i. Any unpaid benefits for the period between the verdict (July 27, 2021) and the date of Plaintiff's reinstatement (November 4, 2021) at a 520 pay grade; and

   ii. Any difference between benefits accrued at Plaintiff's current pay grade and benefits that would have been earned at a 520 pay grade, from the period of reinstatement (November 4, 2021) through today; and

   iii. Benefits earned at a 520 pay grade from today until Plaintiff can be reinstated as a Detention Superintendent.

 c. Tynes and FDJJ should work together to come to an accurate accounting of Tynes' benefits.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 26th day of September, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of record